**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X

ANA PENA, on behalf of herself and on behalf of    :
other similarly-situated individuals,    :

    :   Civil Action No. 15-CV-3624

                    Plaintiff,    :   (GHW)

    :

         -against-    :

    :

93 LUDLOW ST., INC. a.k.a THE DL a.k.a.    :  **AMENDED COLLECTIVE AND**
DINNER ON LUDLOW, 115 AVENUE C LLC,    :  **CLASS ACTION COMPLAINT**
PAUL SERES, in his individual and professional    :
capacities, ROBERT NOWAK, in his individual    :
and professional capacities, ALEKSANDRA    :
DROZD, in her individual and professional    :  **Jury Trial Demanded**
capacities, TOMASZ DYSZKIEWICZ, in his    :
individual and professional capacities,    :

    :

                    Defendants.    :
-------------------------------------------------------------- X

Plaintiff Ana Pena ("Plaintiff" or "Ms. Pena"), on behalf of herself and all other

similarly-situated individuals, by and through her undersigned counsel Wigdor LLP, as and for

her Complaint in this action against Defendants 93 Ludlow St., Inc., a.k.a The DL a.k.a. Dinner

on Ludlow, 115 Avenue C LLC ("115 Avenue C"), Paul Seres, Robert Nowak, Aleksandra

Drozd, and Tomasz Dyszkiewicz (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      The DL a.k.a. Dinner on Ludlow depicts itself to the public as a luxury haven in

New York where "the suits hang[] out with the rock stars."  The reality is much different.  As a

matter of routine practice, the DL a.k.a. Dinner on Ludlow routinely refused to pay the

employees whose hard work made such an atmosphere possible in accordance with federal and

state laws.

1

2.      Although the DL a.k.a. Dinner on Ludlow boasts about its glamorous clientele, including, Rihanna, Victoria's Secret Models, John Starks and players from the NY Jets, it is the work performed by Defendants' service employees, such as the bartenders, barbacks, waiters and waitresses, that make the restaurant, bar and nightclub so successful.  Nevertheless, Defendants have repeatedly rejected their legal obligations to pay these employees the minimum wage, have improperly deducted from their tips and failed to provide them all of the payments they were owed.

3.      Plaintiff is one of such former service employees of Defendants who worked at the restaurant/bar/nightclub The DL a.k.a. Dinner on Ludlow, located in the Lower East Side in New York City.  During her employment with Defendants, Ms. Pena, who had been employed as a bartender, and other similarly-situated service employees were subjected to numerous violations of federal and state labor laws, including (i) minimum wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the New York Labor Law ("NYLL"), § 650 *et seq.*; (ii) illegal retention of employee gratuities and "charges purported to be gratuities" in violation of NYLL § 196-d; (iii) failure to furnish accurate wage statements in violation of NYLL § 195; and (iv) failure to pay wages in accordance with agreed upon terms in violation of NYLL § 191 *et seq*.

4.      Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants as "Waiters," "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or other similar "tipped" positions who were not paid the prevailing minimum wage for all hours worked in a workweek during the full statute of limitations period (the "FLSA

Collective Period").  Plaintiff and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

5.      Plaintiff's claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule ("FRCP") 23 on behalf of herself and on behalf of all other similarly-situated persons who were employed by Defendants as "Waiters," "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or similar "tipped" positions who: (a) were not paid the prevailing minimum wage for all hours worked; (b) had gratuities and/or "charges purported to be gratuities" unlawfully retained from their wages; (c) were not provided accurate wage statements in violation of NYLL § 195; and (d) were not paid for all hours worked, for the full statute of limitations period (the "NYLL Class Period").  Plaintiff and all other such similarly-situated persons are jointly referred to herein as the "NYLL Class."

6.      Plaintiff also brings an individual action for the unlawful retaliation committed by Defendants when they threatened, without a good faith basis, to seek sanctions against her and/or her counsel if she contested Defendants' unlawful payment practices.

### JURISDICTION AND VENUE

7.      Pursuant to 28 U.S.C. §§ 1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under the NYLL.

8.      Pursuant to 28 U.S.C. § 1391(a), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

9.      Plaintiff's claims are properly consolidated as a single action because her claims involve the same Defendants, arise from the same nexus of facts and circumstances, and involve nearly identical issues of fact and law as those of the FLSA Collective and the NYLL Class.

## PARTIES

10.     Plaintiff Ana Pena is an adult resident of New York State, and was employed by Defendants as a Bartender.  At all relevant times, Ms. Pena was an "employee" within the meaning of all applicable statutes.  A Consent to Participate as a Plaintiff in this action executed by Plaintiff Pena will be filed with the Court.

11.     Defendant 93 Ludlow St., Inc., is a New York corporation located at 95 Delancey St., New York, NY 10002.  Upon information and belief, Defendant 93 Ludlow St., Inc. owns and operates The DL a.k.a. Dinner on Ludlow a restaurant and nightclub also located at 95 Delancey St, New York, NY 10002.  At all relevant times, Defendant 93 Ludlow St., Inc. was, and remains, an "employer" within the meaning of all applicable statutes, an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

12.     Defendant 115 Avenue C LLC is a New York limited liability company, located at 115 Avenue C, New York, New York, 10009.  Upon information and belief, 115 Avenue C LLC co-owns and operates The DL a.k.a. Dinner on Ludlow, a restaurant and nightclub located at 95 Delancey St, New York, NY 10002.  At all relevant times, 115 Avenue C was, and remains, an "employer" within the meaning of all applicable statutes, an enterprise engaged in commerce as defined by § 203(r) and (s) of the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

13.     Defendant Paul Seres is a managing partner and part owner of 93 Ludlow St., Inc. Mr. Seres exercises sufficient control of 93 Ludlow St., Inc.'s day-to-day operations, including, but not limited to, how 93 Ludlow St., Inc.'s employees are paid, to be considered Plaintiff's employer under the FLSA and New York State Law.  Upon information and belief, Mr. Seres is a resident of New York, New York.

14.     Defendant Robert Nowak is a managing partner and part owner of 93 Ludlow St., Inc.  Mr. Nowak exercises sufficient control of 93 Ludlow St., Inc.'s day-to-day operations, including, but not limited to, how 93 Ludlow St., Inc.'s employees are paid, to be considered Plaintiff's employer under the FLSA and New York State Law.  Upon information and belief, Mr. Nowak is a resident of New York, New York.

15.     Defendant Aleksandra Drozd is a managing partner and part owner of 93 Ludlow St., Inc.  Ms. Drozd exercises sufficient control of 93 Ludlow St., Inc.'s day-to-day operations, including, but not limited to, how 93 Ludlow St., Inc.'s employees are paid, to be considered Plaintiff's employer under the FLSA and New York State Law.  Upon information and belief, Ms. Drozd is a resident of New York, New York.

16.     Defendant Tomasz Dyszkiewicz is a managing partner and part owner of 93 Ludlow St., Inc.  Mr. Dyszkiewicz exercises sufficient control of 93 Ludlow St., Inc.'s day-to-day operations, including, but not limited to, how 93 Ludlow St., Inc.'s employees are paid, to be considered Plaintiff's employer under the FLSA and New York State Law.  Upon information and belief, Mr. Dyszkiewicz is a resident of New York, New York.

## FACTUAL ALLEGATIONS

**Minimum Wage Violations**

17.     Federal and State law requires employers to pay employees a minimum wage. Defendants were arguably permitted under the FLSA and NYLL to pay certain tipped employees at a statutory hourly rate that is less than the standard hourly minimum wage rate so long as the "tips" or "gratuities" that such tipped employee is expected to receive, when added to the hourly wages, meet or exceed the standard hourly minimum wage, and so long as all tips received by the employees are retained by the employee.

18.     However, Defendants were not entitled to avail themselves of the reduced minimum wage by applying the tip credit allowance for Plaintiff, the FLSA Collective, and the NYLL Class, because, *inter alia*, Defendants retained a portion of the tips shared by employees, and/or required them to share and/or pool their tips with non-service employees such as Security Guards, Managers, and other employees who did not perform "tipped" duties.

19.     Defendants' security guards guarded the entrance to The DL a.k.a. Dinner on Ludlow and searched incoming patrons for weapons.

20.     In addition, Managers and employees with managerial authority, including Brian Niedzwiecki, also participated in the tip pool.

21.     As such, Defendants were obligated to pay Plaintiff, the FLSA Collective, and the NYLL Class the standard hourly minimum wage rate, and not any reduced minimum wage through application of a tip credit.

22.     At all relevant times, Defendants knew that nonpayment of the minimum wage would economically injure Plaintiff, the FLSA Collective, and the NYLL Class and violated federal and state laws.

**New York Labor Law § 196-d Violations**

23.     In addition to unlawfully distributing the tips and gratuities that Plaintiff and the FLSA Collective and NYLL Class earned to non-tipped employees and managers, during Plaintiff's employment, Defendants held private events for which Defendants' clients were required to pay an automatic/mandatory "service charge" or a charge with a similar name of approximately 15-20% of the total bill (referred to herein as the "Service Charge").

24.     Defendants led or knowingly allowed their customers to reasonably believe that the Service Charge was a gratuity by, *inter alia*, calling it a "service charge," representing to customers that the charge was a gratuity, and failing to tell customers that the charge was not a gratuity.

25.     Defendants' private event customers did not ordinarily leave any additional gratuity for Plaintiff and the NYLL Class members other than what is paid to Defendants pursuant to the Service Charge.

26.     Throughout the relevant time period, Defendants had knowledge of NYLL § 196-d and the legal requirement that service employees are entitled to the gratuities, and that it is unlawful for gratuities to be retained by the employer.

27.     Nonetheless, Defendants unlawfully retained all or part of this Service Charge, which should have been distributed to Plaintiff and the NYLL Class, in violation of NYLL § 196-d.

28.     By not distributing the entirety of the Service Charge to Plaintiff and the NYLL Class members, Defendants unlawfully demanded and retained the gratuities or charges purported to be gratuities.  Defendants did not allow Plaintiff and the NYLL Class members to retain all of the gratuities and charges purported to be gratuities they had earned.

**New York Labor Law § 191 Violations**

29.    Defendants offered Plaintiff and other members of the NYLL Class an additional flat wage if they agreed to work private events, to be paid in the pay period immediately following the private events.

30.    Despite Plaintiff and other members of the NYLL Class working several private events during the NYLL Class Period, Defendants never paid them their agreed upon wages, in violation of NYLL § 191.

31.    Defendants also routinely failed to pay Plaintiff and the members of the FLSA Collective and NYLL Class for all hours worked, resulting in substantial "off-the-clock" work performed by Plaintiff and members of the FLSA Collective and NYLL Class, in violation of NYLL § 191.

32.    For instance, Defendants would "clock-out" Plaintiff and members of the FLSA Collective and NYLL Class immediately upon the conclusion of their scheduled shifts.

33.    However, Plaintiff, and members of the FLSA Collective and NYLL Class were often required to remain at The DL a.k.a. Dinner on Ludlow well after they had been "clocked-out" to clean the premises, wipe down glasses, put away inventory, and help calculate the night's revenues.

34.    This additional work forced Plaintiff, and members of the FLSA Collective and NYLL Class, to remain at work well past the scheduled conclusion of their shifts, often for hours at a time.

35.    Plaintiff, and members of the FLSA Collective and NYLL Class, were never compensated for this extra time that they were required to work by Defendants.

36.     This practice of prematurely clocking-out Plaintiff and the FLSA Collective and NYLL Class before their shifts ended without their knowledge has resulted in substantial uncompensated, "off-the-clock" work performed by Plaintiff and members of the FLSA Collective and NYLL Class, in violation of NYLL § 191.

37.     In addition, because Plaintiff and the members of the NYLL Class did not receive any compensation for many hours worked which went unrecorded by Defendants, these hours were not reflected on the wage statements provided to Plaintiff and members of the NYLL Class. As a result, Defendants furnished inaccurate wages statements to Plaintiff and the members of the NYLL Class.

**FLSA and NYLL Retaliation**

38.     Defendants further retaliated against Plaintiff after she asserted her rights, and the rights of the FLSA Collective and NYLL Class, to be paid the wages owed to them.

39.     Specifically, Defendants retaliated against Plaintiff by sending her counsel a letter claiming that "after conducting a thorough and privileged investigation" into the claims alleged, if Plaintiff filed a lawsuit against Defendants, Defendants threatened to "avail itself to every possible defense and remedy, including in this case sanctions pursuant to Fed. R. Civ. P. 11."

40.     Defendants' threat was not made in good faith, and was clearly intended solely as a tactic to intimidate and/or dissuade Plaintiff and her counsel from pursuing claims of FLSA and NYLL wage violations.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

41.     Plaintiff brings her FLSA claims as a collective action pursuant to the FLSA on behalf of herself and on behalf of all other similarly-situated persons who were employed by

Defendants as "Waiters," "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or other similar "tipped" positions during the FLSA Collective Period.

42.     At all relevant times, Plaintiff and the other members of the FLSA Collective were similarly situated, had substantially similar job requirements, were paid in the same manner and under the same common policies, plans and practices, and were subject to Defendants' practice of willfully failing and refusing to pay them at the legally required minimum wage for all hours worked, retaining tips for themselves, and allowing non-tipped employees and/or employees with meaningful managerial authority to share in their tips.

43.     During the FLSA Collective Period, Defendants were fully aware of the duties performed by Plaintiff and the FLSA Collective, and that those duties were not exempt from the minimum wage of the FLSA.

44.     As a result of Defendants' conduct as alleged herein, Defendants violated 29 U.S.C. § 206 by not paying the FLSA Collective and Plaintiff the prevailing minimum wage for all hours worked.

45.     Defendants' violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the FLSA Collective.

46.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the FLSA Collective for the full amount of their unpaid minimum wages, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the FLSA Collective.

47.     While the exact number of the FLSA Collective is unknown to Plaintiff at the present time, upon information and belief, there are at least forty (40) other similarly-situated

persons who were employed by Defendants as "Waiters," "Servers," "Bussers," "Runners,"

"Bartenders," "Barbacks," or other similar "tipped" positions during the FLSA Collective Period.

48.    Plaintiff is currently unaware of the identities of the FLSA Collective.

Accordingly, Defendants should be required to provide Plaintiff with a list of all persons

employed by Defendants as "Waiters," "Servers," "Bussers," "Runners," "Bartenders,"

"Barbacks," or other similar "tipped" positions during the FLSA Collective Period, along with

their last known addresses, telephone numbers and e-mail addresses, so Plaintiff can give the

FLSA Collective notice of this action and an opportunity to make an informed decision about

whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

49.    Plaintiff brings her NYLL claims as a class action pursuant to FRCP 23 on behalf

of herself and on behalf of all other similarly-situated persons who were employed by

Defendants as "Waiters," "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or other

similar "tipped" positions who were: (i) not paid the prevailing minimum wage for all hours

worked; (ii) unlawfully denied tips and gratuities; (iii) not paid wages for all hours worked; and

(iv) not furnished with accurate wage statements.

50.    The basic job duties of the NYLL Class were the same as or substantially similar

to those of Plaintiff, and the NYLL Class were paid in the same manner and under the same

common policies, plans and practices as Plaintiff.

51.    The NYLL Class, like Plaintiff, all have been subject to the same unlawful

policies, plans and practices of Defendants, including not paying the prevailing minimum wage

for all hours worked, unlawfully retaining gratuities, not paying wages for all hours worked, and

not furnishing accurate wage statements.

52.     During the NYLL Class Period, Defendants were fully aware of the duties performed by Plaintiff and the NYLL Class, and that those duties were not exempt from the minimum wage and other applicable provisions of the NYLL and/or its regulations.

53.     As a result of Defendants' conduct as alleged herein, Defendants violated the NYLL and/or its regulations.  Defendants' violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiff and the NYLL Class.

54.     As a result of Defendants' conduct, Defendants are liable to Plaintiff and the NYLL Class for the full amount of their unpaid minimum wages, the tips or gratuities retained by Defendants, the straight time wages owed, an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiff and the NYLL Class.

55.     Certification of the NYLL Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiff's claims and the claims of the NYLL Class.  Plaintiff has standing to seek such relief because of the adverse effect that Defendants' unlawful compensation policies and practices have had on her individually and on members of the NYLL Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for Plaintiff, the NYLL Class and Defendants.

56.     Plaintiff's claims raise questions of law and fact common to the NYLL Class. Among these questions are:

        a.   Whether Defendants employed Plaintiff and the NYLL Class members within the meaning of the New York Labor Law;

b.  Whether Defendants paid Plaintiff and the NYLL Class members the federal and state minimum wage for all hours worked during the NYLL Class Period;

c.  Whether Defendants' failure to pay the prevailing minimum wage to Plaintiff and the NYLL Class constitutes a violation of NYLL § 650 *et seq*.;

d.  Whether Defendants illegally retained Plaintiff's tips and distributed them to non-tipped employees, such as Security Guards, and other individuals who were not working in customarily tipped positions and/or did not have meaningful contact with customers, and to Managers or employees with meaningful managerial authority;

e.  Whether the automatic/mandatory service charge charged to Defendants' private event customers was a gratuity within the meaning of NYLL § 196-d;

f.  Whether Defendants illegally retained Plaintiff's and the NYLL Class' gratuities or charges purported to be gratuities such as automatic/mandatory during private events;

g.  Whether Defendants' failure to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment constitutes a violation of NYLL § 191;

h.  Whether Defendants failed to maintain accurate records of the hours worked by Plaintiff and the NYLL Class as required by the NYLL;

i.  Whether Defendants failed to pay Plaintiff and the NYLL Class straight-time wages for all hours worked;

j.  Whether Defendants failed to furnish accurate wage statements to Plaintiff and the NYLL Class;

k.  Whether Defendants' violations of the NYLL and/or its regulations were willful.

57.  These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

58.  Plaintiff is a member of the NYLL Class that she seeks to represent.  Plaintiff's claims are typical of the claims of the NYLL Class.  The relief Plaintiff seeks for the unlawful

policies and practices complained of herein are also typical of the relief which is sought on behalf of the NYLL Class.

59.     Plaintiff's interests are co-extensive with those of the NYLL Class that she seeks to represent in this case.  Plaintiff is willing and able to represent the NYLL Class fairly and to vigorously pursue her similar individual claims in this action.  Plaintiff has retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.  The combined interests, experience and resources of Plaintiff and her counsel to litigate the individual and NYLL Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

60.     Defendants have acted or refused to act on grounds generally applicable to the NYLL Class, making final injunctive and declaratory relief appropriate with respect to the NYLL Class as a whole.

61.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' individual and class-wide liability and the essential predicate for Plaintiff's and the NYLL Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

62.     The common issues of fact and law affecting Plaintiff's claims and those of the NYLL Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

63.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the NYLL Class.  There will be no difficulty in the management of this action as a class action.

64.     The cost of proving Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the NYLL Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of potential plaintiffs litigating identical claims.  The claims of the NYLL Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the NYLL Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendants' liability.

65.     The NYLL Class is so numerous that joinder of all members is impracticable. While the exact number of the NYLL Class is unknown to Plaintiff at the present time, upon information and belief, there are at least forty (40) similarly-situated persons who were/are employed by Defendants as "Waiters," "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or other similar "tipped" positions during the NYLL Class Period.

66.     Plaintiff is currently unaware of the identities of the NYLL Class.  Accordingly, Defendants should be required to provide Plaintiff with a list of all persons employed by Defendants as "Waiters," "Servers," "Bussers," "Runners," "Bartenders," "Barbacks," or other similar "tipped" positions during the NYLL Class Period, along with their last known addresses, telephone numbers and e-mail addresses, so Plaintiff can give the NYLL Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

**<u>FIRST CLAIM FOR RELIEF</u>**
**(FLSA Minimum Wage Violations)**
**(On Behalf of Plaintiff and the FLSA Collective)**

67.     Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

68.     The FLSA requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiff and the FLSA Collective were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the FLSA.

69.     During the FLSA Collective Period, Defendants did not pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked for Defendants.

70.     As a result of Defendants' failure to pay Plaintiff and the FLSA Collective the prevailing minimum wage for all hours worked, Defendants violated the FLSA.

71.     The foregoing conduct of Defendants constitutes willful violations of the FLSA.

72.     Defendants' violations of the FLSA have significantly damaged Plaintiff and the FLSA Collective and entitle them to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

**SECOND CLAIM FOR RELIEF**
**(NYLL Minimum Wage Violations)**
**(On Behalf of Plaintiff and the NYLL Class)**

73.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

74.     The NYLL requires covered employers, such as Defendants, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them the prevailing minimum wage under the NYLL.

75.     During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours worked for Defendants.

76.     As a result of Defendants' failure to pay Plaintiff and the NYLL Class the prevailing minimum wage for all hours, Defendants violated the NYLL.

77.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

78.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (NYLL Violations for Illegal Deductions from Gratuities)
### (On Behalf of Plaintiff and the NYLL Class)

79.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

80.     Plaintiff and the NYLL Class members were employed by Defendants within the meaning of NYLL §§ 2 and 651.

81.     N.Y. Lab. Law § 196-d bars an employer from retaining "any part of a gratuity or of any charge purported to be gratuity[.]"

82.     During the NYLL Period, Defendants unlawfully demanded and retained gratuities and "charges purported to be gratuities" from Plaintiff and the NYLL Class, particularly during private events, in violation of NYLL § 196-d.

83.     Due to Defendants' NYLL violations, Plaintiff and the NYLL Class members are entitled to recover from Defendants the amount of retained gratuities, liquidated damages, attorneys' fees and costs, and interest.

## FOURTH CLAIM FOR RELIEF
### (NYLL § 191 *et seq.* Violations for Failure to Pay Wages)
### (On Behalf of Plaintiff and the NYLL Class)

84.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

85.     The NYLL requires covered employers, such as Defendants, to pay employees for the wages with the requisite frequency in accordance with their agreed upon terms of employment.  Plaintiff and the NYLL Class were not exempt from the requirement that Defendants pay them for all wages earned in accordance with their agreed terms of employment under the NYLL.

86.     During the NYLL Class Period, Defendants did not pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment, and did not pay Plaintiff and the NYLL wages earned for all hours worked.

87.     As a result of Defendants' failure to pay Plaintiff and the NYLL Class their wages earned in accordance with their agreed terms of employment, Defendants violated the NYLL.

88.     The foregoing conduct of Defendants constitutes willful violations of the NYLL.

89.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class, and entitle them to recover the total amount of their unpaid wages earned in accordance with their agreed terms of employment, an additional amount in liquidated damages, and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF
### (Failure to Furnish Accurate Wage Statements in violation of NYLL § 195)
### (On Behalf of Plaintiff and the NYLL Class)

90.     Plaintiff, on behalf of herself and the NYLL Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

91.     The NYLL requires covered employers, such as Defendants, to furnish accurate wage statements to its employees with every payment of wages.  Plaintiff and the NYLL Class were not exempt from this requirement.

92.     During the NYLL Period, Defendants failed to furnish accurate wage statements to Plaintiff and the NYLL Class, in violation of NYLL § 195 by, *inter alia*, providing wage statements that inaccurately recorded hours worked and/or wages earned.  As a result, the wage statements furnished by Defendants to Plaintiff and the members of the NYLL Class contained inaccurate information with respect to wages purportedly paid and hours worked.

93.     The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

94.     Defendants' violations of the NYLL have significantly damaged Plaintiff and the NYLL Class and entitle them to recover damages of one hundred dollars per person affected for each work week that such violations occurred, up to a total of twenty-five hundred dollars per person affected, together with attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (Retaliation in Violation of the Fair Labor Standards Act, 29 U.S.C. § 215)

95.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

96.     Defendants retaliated against Plaintiff by threatening to seek spurious sanctions against her and/or her attorneys, in her attorneys' capacity as representatives of Plaintiff and the FLSA Collective, if they contested Defendants' unlawful pay practices.

97.     Defendants' retaliatory conduct was designed to intimidate and/or dissuade Plaintiff and her counsel from asserting rights under the FLSA by preventing her attorneys from instituting a lawsuit on her behalf.

## SEVENTH CLAIM FOR RELIEF
### (Retaliation in Violation of New York Labor Law § 215)

98.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

99.     Defendants retaliated against Plaintiff in violation of the NYLL by threatening to seek spurious sanctions against her and/or her attorneys, in her attorneys' capacity as representatives of Plaintiff and the NYLL Class, if they contested Defendants' unlawful pay practices.

100.     Defendants' retaliatory conduct was designed to intimidate and/or dissuade Plaintiff and her counsel from asserting rights under the NYLL by preventing her attorneys from instituting a lawsuit on her behalf.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself, the FLSA Collective and the NYLL Class, respectfully requests that this Court:

A.     Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.     Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. § 216, and direct Defendants to provide Plaintiff with a list of all members of the FLSA Collective, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.     Determine the damages sustained by Plaintiff and the FLSA Collective as a result of Defendants' violations of the FLSA, and award those damages against Defendants and in

favor of Plaintiff and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.      Award Plaintiff and the FLSA Collective an additional equal amount as liquidated damages because Defendants' violations were willful and/or without a good faith basis;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendants to provide Plaintiff with a list of all members of the NYLL Class, including all last known addresses, telephone numbers and e-mail addresses of each such person, so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.      Designate Plaintiff as representative of her class, and her counsel of record as class counsel;

G.      Determine the damages sustained by Plaintiff and the NYLL Class as a result of Defendants' violations of the NYLL and/or its regulations, and award those damages against Defendants and in favor of Plaintiff and the NYLL Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiff and the NYLL Class an additional amount as liquidated damages pursuant to the NYLL because Defendants' violations were willful and/or without a good faith basis;

I.      Award Plaintiff, the FLSA Collective and the NYLL Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J.      Grant Plaintiff, the FLSA Collective and the NYLL Class such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and on behalf of all other similarly-situated persons, hereby

demands a trial by jury on all issues of fact and damages.

Dated: May 28, 2015
      New York, New York              Respectfully submitted,

                                      WIGDOR LLP

                                   By: _____
                                          David E. Gottlieb
                                          Renan F. Varghese

                                   85 Fifth Avenue
                                   New York, NY 10003
                                   Telephone:  (212) 257-6800
                                   Facsimile:  (212) 257-6845
                                   dgottlieb@wigdorlaw.com
                                   rvarghese@wigdorlaw.com

                                   *Attorneys for Plaintiff, the Proposed FLSA*
                                   *Collective and the NYLL Class*